*In re* BEAR and others, Bankrupts.

(*District Court, S. D. New York.* December, 1880.)

1. DATE OF FILING PETITION—REV. ST. 5024—SECURED DEBT OF PETITIONING CREDITOR—WAIVER.

A petition for adjudication in bankruptcy is to be deemed as filed within the meaning of Rev. St. § 5024, from the time it is presented to the clerk for the action of the court. The time of filing does not date from the time when the clerk presents it to the judge for his action as to issuing an order to show cause.

A secured creditor, who joins in a creditors' petition, thereby represents himself as an unsecured creditor, and must be held to have waived or abandoned his security; and his petition for payment of judgment from the proceeds of property sold by the assignee in bankruptcy, on the ground that he had made a levy of his execution prior to the filing of the creditors' petition, must be denied.

It is immaterial that the creditor's signature was not necessary to make up the number of creditors and amount required by the statute.

*George Bell,* for petitioner.

*F. W. Hendricks,* for assignee.

CHOATE, D. J. This is an application by a creditor, Holmes, Booth & Haydens, a manufacturing corporation, for payment of a judgment recovered by it before the bankruptcy out of the proceeds of the property sold by the assignee. The property was sold under the order of the court, free from the claim of this creditor, and it is now insisted that at the time of the filing of the petition it had a lien by levy of execution on the property. The material facts are as follows: On the ninth day of March, 1878, a creditors' petition, in which this creditor joined, was presented by the attorney for the petitioning creditors to the clerk of this court. It was by the clerk on the same day laid before the judge, who made

a memorandum thereon of certain defects in the averments and the verification of the petition. On the morning of the eleventh of March the attorney of the petitioning creditors took the petition from the clerk's office and caused these defects to be supplied, and returned the petition reverified to the clerk's office before noon on that day. . On the same day, at 20 minutes after 1 o'clock in the afternoon, the execution on this creditors' judgment was put in the hands of the sheriff for service, and from that hour it is claimed that the lien of the execution attached to the goods which have since been sold. The petition came again before the judge on the eleventh of March, and on that day he directed the issue of an order to show cause against the alleged bankrupt. At the time the petition was returned by the judge to the clerk, it was marked by the clerk: "Filed March 11, 1878, at 3 o'clock P. M." This creditor gave authority to the attorney for the petitioning creditors to present and prosecute the petition in its behalf with other creditors, and it had not revoked this authority on the eleventh of March, 1878. The creditors' petition alleged that the petitioners "believe and allege the fact to be that they constitute at least one-fourth in number of all the creditors of the said I. Bear & Sons, whose claims exceed $250, and that the aggregate of the debts due by the said I. Bear & Sons to your petitioners, provable under the Revised States and unsecured, amount to at least one-third of all the debts of the said I. Bear & Sons provable under the Revised Statutes."

The first objection made to this claim is that the creditors' petition had been filed within the meaning of the bankrupt law before the levy, and that, therefore, this creditor acquired no lien thereby. I think this objection is well taken. It is evident from the statute that the commencement of a bankruptcy proceeding, upon which event the property, by relation back, passes to the assignee subsequently appointed, is the filing of the petition. A presentation of a petition to the clerk for the action of the court is, I think, to be considered a filing, whether the clerk then marks it filed, or not. Rev. St. § 5024, evidently implies that the filing

precedes the action of the judge in determining whether or not an order to show cause may properly issue upon it; and the time of filing is not the time when the clerk presents it to the judge, but the time when it is lodged in the clerk's office ready to be presented to the judge. This petition must, therefore, be considered as having been filed at least as early as 12 o'clock on the eleventh of March, even if the withdrawal of the petition on the morning of that day operated to annul the proceeding of Saturday as a filing. It is urged that, under the circumstances shown, it was not presented to the clerk on the eleventh for filing, unless the judge should find it to be in such form as to authorize the issue of an order to show cause; but I cannot find in the testimony any evidence of a qualified delivery to the clerk.

I think, also, it is very clear that by joining in the creditors' petition this creditor waived any lien or security which it may have acquired by the levy, even if the petition should be held not to have been filed till 3 o'clock on the eleventh of March. The creditors who can join in a creditors' petition are unsecured creditors only. Creditors whose debts are provable under the act must join to the requisite number and amount. Rev. St. § 5021. Secured creditors may prove their debts in full, in which case they waive or abandon their security, or they may have the security valued and prove for the balance. Rev. St. § 5075. By the petition this creditor represented to the court that its debt was unsecured, that it was provable under the act, and that the aggregate of its debt and those of the other petitioners constituted the requisite number and amount of all the unsecured debts of the alleged bankrupts. On the faith of this averment this creditor and his co-petitioners obtained the adjudication of the bankrupts. This petitioner is obviously bound by this averment, and cannot now be heard to aver the contrary, especially for the purpose of gaining some advantage in the distribution of the estate over its co-petitioners. It is immaterial if, as suggested on its behalf, there was the requisite number and amount without including this debt. The petitioner took its position then as an unsecured creditor, and

good faith requires that it should be held to it. If, for any sufficient reason, it was entitled to be relieved from that position, it should have asked leave of the court to withdraw its name. As it did not do so then, it is now too late.

Petition dismissed, with costs.